IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Andrew Bizet, | Case No. 3:12 CV 1187 |
|         Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Ohio Department of Rehabilitation and Correction, | |
|         Defendant. | |

*Pro se* Plaintiff Andrew Bizet filed this action under 42 U.S.C. § 1983 (Doc. 1) against the Ohio Department of Rehabilitation and Correction ("ODRC"). He also filed a Motion for Leave to Introduce New Evidence (Doc. 3). He asserts Defendant was deliberately indifferent to his mental health needs and seeks monetary and injunctive relief.

## BACKGROUND

Plaintiff is a prisoner at the North Central Correctional Institution ("NCCI"). He states he was diagnosed with bipolar disorder and a personality disorder with antisocial and schizoid features in 1997 while he was in the military (Doc. 1-1 at 1). He further alleges he received an honorable medical discharge that same year. From the time of his discharge until he was incarcerated, Plaintiff was treated several times at Veterans Administration ("VA") Hospitals for his mental health disorders. In addition to bipolar disorder, he was diagnosed more recently with post traumatic stress disorder and anger management issues.

Plaintiff alleges the mental health treatment he received at NCCI prior to its privatization was inadequate, and Defendant was deliberately indifferent to his serious mental health needs. He alleges he has taken several medications, including Tegretol, Zoloft, Trazodone, Depakote, Effexor, Lamictal, Lithium, Navane, Gabapentin, Olanzapine, and Ziprasidone. However, Plaintiff believes he would have benefitted from Cognitive Processing Group Therapy, which was offered at the VA Hospital in Marion, Ohio. He further alleges he would have received more comprehensive treatment at the VA Hospital than he received at the prison. He claims Defendant simply had to transport him to the hospital, and it would have been a cost savings for the State. He claims the NCCI Warden refused his request for treatment at the VA Hospital.

In Plaintiff's Motion for Leave to Introduce New Evidence, he states that NCCI was privatized in December 2011 and became North Central Correctional Complex ("NCCC"). He states that following the privatization of the prison, group therapy was made available within the prison. He asserts he is now receiving adequate mental health treatment, and claims the services now available at NCCC show the treatment he previously received was inadequate.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. 28 U.S.C. §1915(e)(2). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). An *in forma pauperis* claim may be

dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking Section 1915(e) (formerly 28 U.S.C. § 1915(d)) and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. Further, in reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, Defendant cannot be sued for monetary damages. ODRC is an agency of the State of Ohio. A State may not be sued in federal court unless it has consented to such a suit or its immunity has been properly abrogated by Congress. *See, e.g., Seminole Tribe of Fla. v.*

3

*Florida*, 517 U.S. 44 (1996). This immunity is derived from the Eleventh Amendment, which is an absolute bar to the imposition of monetary liability upon state agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). The State of Ohio has not consented to suits for damages under 42 U.S.C. § 1983, and its immunity has not been set aside by Congress. *See id*.

Plaintiff's claim for injunctive relief fails to state a claim upon which relief may be granted. Under the Eighth Amendment, prisoners have the right to be free from deliberate indifference to serious psychiatric needs. *Clark-Murphy v. Foreback*, 439 F.3d 280, 292 (6th Cir. 2006). The Eighth Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," against which courts must evaluate penal measures. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). In *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), the Supreme Court set forth a framework for determining whether certain conditions of confinement constitute "cruel and unusual punishment" prohibited by the Eighth Amendment.

First, Plaintiff must plead facts which, if true, establish a sufficiently serious deprivation occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id*. Second, Plaintiff must establish a subjective element demonstrating that prison officials acted with a sufficiently culpable state of mind to cause the deprivation. *Wilson,* 501 U.S. at 298. To meet this standard, the official must act with "deliberate indifference" which is characterized by obstinate or wanton conduct. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The actions cannot be predicated on negligence, inadvertence, or good faith error. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Wilson*, 501 U.S. at 298.

4

Here, Plaintiff has not demonstrated Defendant denied him medically necessary treatment. While Plaintiff's psychiatric needs are arguably serious, he alleges he was treated by medical staff at NCCI. He took numerous medications and was being monitored by medical staff at the prison. He indicates ODRC could have transferred him to an intensive in-patient treatment facility within ODRC, but he did not pursue this option. Instead, Plaintiff contends he wanted to enroll in comprehensive mental health treatment programs, including group cognitive therapy, which were available through the VA Hospital.

The Constitution requires the State to provide prisoners with necessary medical care to avoid the unnecessary and wanton infliction of pain. *See Hudson*, 503 U.S. at 9. This right to medical care, however, does not encompass a guarantee Plaintiff will receive the type or scope of medical care which he personally desires. *Id.*; *see also Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975). Prisoners are not entitled to unfettered access to the medical treatment of their choice. *Hudson*, 503 U.S. at 9. While there may have been treatment options for Plaintiff's condition available outside of prison, Defendant did not violate Plaintiff's Eighth Amendment rights by refusing to accommodate Plaintiff's choice of treatment facility. *Id.* Rather, Plaintiff must show the treatment he received in prison is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002). Plaintiff indicates medical personnel at NCCI were monitoring his psychiatric condition and prescribed several medications to treat him. He does not allege facts to suggest his treatment was so objectively deficient that it constituted an Eighth Amendment violation.

## CONCLUSION

Accordingly, Plaintiff's Motion for Leave to Introduce New Evidence (Doc. 3) is granted and Plaintiff's Complaint (Doc. 1) is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 25, 2012